UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORIGIA
NEWNAN DIVISION

ALICIA IBARRA,                           CASE NO.:

      Plaintiff,

vs.

THE DENNIS GROUP, INC., a
Georgia Corporation, and
DENNIS WINFRED,
Individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALICIA IBARRA, by and through the undersigned attorney, sues the Defendants, THE DENNIS GROUP, INC., and DENNIS WINFRED, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee working at Defendants' Subway locations in Fayette and Carroll County, Georgia.

3. Plaintiff worked for Defendants from August 2010 to May 2011.

1

4. Defendant, THE DENNIS GROUP, INC., is a Georgia Corporation that operates and conducts business in, among others, Fayette and Carroll County, Georgia and is therefore, within the jurisdiction of this Court.

5. At all times relevant to this action, DENNIS WINFRED was an individual resident of the State of Georgia, who owned and operated THE DENNIS GROUP, INC., and who regularly exercised the authority to: (a) hire and fire employees of THE DENNIS GROUP, INC.; (b) determine the work schedules for the employees of THE DENNIS GROUP, INC., and (c) control the finances and operations of THE DENNIS GROUP, INC. By virtue of having regularly exercised that authority on behalf of THE DENNIS GROUP, INC., DENNIS WINFRED is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendants overtime compensation, minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s) in that Defendants earned more than $500,000.00 in gross sales annually and employed

two or more employees engaged in interstate commerce.

9. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendants as a result of phone calls using the instrumentalities of commerce as well as running credit card transactions which transacted business outside the State of Georgia.

10. At all times relevant to this action, Defendants failed to comply with the FLSA because Defendants would pay Plaintiff from separate checks but fail to pay her overtime compensation for overtime hours worked.

11. Specifically, Plaintiff worked at multiple locations for Defendants, who would then pay her from separate checks from each location by straight time pay for all hours worked, including overtime hours.

12. Additionally, Defendants deducted monies from Plaintiff's paycheck each week as a "deduction" for sandwiches allegedly eaten by Plaintiff. This would cause Plaintiff's regular rate of pay to fall below the minimum wage in some weeks.

13. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

15. Plaintiff was entitled to be paid overtime compensation for each hour worked in excess of forty (40) hours per work week.

16. During her employment with Defendants, Plaintiff was paid via multiple checks each week but was only paid straight time for her overtime hours.

17. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

18. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

19. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ALICIA IBARRA, demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-13 above.

4

21. Plaintiff was entitled to be paid minimum wage for each hour worked during her employment with Defendants.

22. During her employment with Defendants, Plaintiff experienced unlawful deductions in her pay which resulted in her regular rate of pay to fall below the minimum wage.

23. Defendants deducted certain amounts from Plaintiff as payment for sandwiches allegedly eaten by her during the week.

24. Pursuant to the FLSA, Defendants can only deduct the actual cost, not the retail cost, of any food credit.

25. Plaintiff has been damaged as a result of Defendants' policy in deducting an amount greater than that allowed by the FLSA.

26. Plaintiff has demanded proper compensation for this compensation from Defendants, but Defendants have refused to respond to her correspondence.

27. Defendant willfully failed to pay Plaintiff the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, ALICIA IBARRA, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and

appropriate.

Dated this 16th day of August, 2012.

/s/ **C. Ryan Morgan, Pro Hac Vice**
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:   (407) 425-8171
Email: rmorgan@forthepeople.com
***Attorneys for Plaintiff***

/s/**Julie M. Weiner**
Julie M. Weiner, Esq.
Georgia Bar No. 246226
Law Office of Julie M. Weiner
P.O. Box 669402
Marietta, GA 30066
Telephone: (770) 579-9787
Facsimile: (678) 623-8090
Email: JulieMWeiner@aol.com
***Local Counsel for Plaintiff***